IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHADWICK CLAYTON BAKER, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:20-cv-00204 |
| | ) | |
| v. | ) | **MEMORADNUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Chadwick Clayton Baker, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Baker has sought leave to proceed *in forma pauperis*. Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), I conclude that it fails to state a federal claim and must be dismissed.

I.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Baker's complaint arises from a single incident that occurred in January 2020, while he was housed at River North Correctional Center. (*See generally* Compl., Dkt. No. 1; Dkt. No. 1-1 at 4 (grievance listing date of incident as January 25, 2020.) Specifically, he claims that on one

occasion, he asked three times to be able to use the restroom in his cell but was denied access to his cell bathroom. He alleges that there was no bathroom in the pod for him to use. When he asked the third time, defendant Williams told him "It ain't going to happen; [too] bad."[1] (Compl. 2.) Baker ended up urinating on himself and states that he had to wait twenty-five minutes in urine-soaked clothing before he could change and clean up. He also appears to be challenging the River North "policy," which he says "restricts access to toilets in the cell except [for] hourly cell breaks." (*Id.*) Liberally construing his complaint, it attempts to assert an Eighth Amendment claim of unconstitutional living conditions.

## II.

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted). Baker's complaint fails to state a § 1983 claim.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49.

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the

---

[1] This is the only allegation in Baker's complaint that attributes conduct to a specific defendant, although he appears to name some of the others because they were involved in the denial of his grievance or grievance appeals complaining about the incident.

defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Baker's complaint wholly fails to satisfy these standards. Most significantly, it fails to identify a deprivation that is sufficiently serious so as to deprive him of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Indeed, numerous courts—including this one—have held that the denial of bathroom access for a limited period of time, even when it resulted in the prisoner soiling himself, did not constitute a violation of Eighth Amendment rights. *E.g.*, *Perry v. JPay, Inc.*, No. 7:16-cv-00362, 2018 WL 1309743, at *8 (W.D. Va. Mar. 13, 2018) (holding no Eighth Amendment violation where plaintiff was denied access for hour-long periods while in the exercise yard, despite several occasions where he urinated on himself and soiled his clothes); *DePaolo v. Ray*, No. 7:12CV00139, 2013 WL 4451236, at *30 (W.D. Va. July 22, 2013), *report and recommendation adopted as modified,* No. 7:12-CV-00139, 2013 WL 4453422 (W.D. Va. Aug. 16, 2013) ("[Plaintiff's] alleged denial of restroom privileges for approximately five hours does not constitute a denial of a minimal measure[] of life's necessities."); *accord Hooks v. Chapman*, No. CA 0:12-2416-GRA-PJG, 2012 WL 6674494, at *2 (D.S.C. Nov. 30, 2012), *report and recommendation adopted*, No. 0:12-CV-02416-GRA, 2012 WL 6674491 (D.S.C. Dec. 21, 2012) (holding no Eighth Amendment violation where plaintiff was forced to urinate upon himself on a single date and required to remain in soiled jumpsuit for several hours); *Owens v. Padilla,* No. C 06-4778 RMW (PR), 2008 WL 3916068, at *4 (N.D. Cal. Aug. 22, 2008) (same where plaintiff was denied access to bathroom for six hours); *Trevino v. Jones,* No. 06-CV-0257-CVE-FHM, 2007 WL 710213, at *8 (N.D. Okla. Mar.

6, 2007) (same where plaintiff was allowed use of restrooms only twice during eight-hour period); *Qawi v. Howard*, No. Civ. A. 98–220–GMS, 2000 WL 1010281, at *3–4 (D. Del. July 7, 2000) (same where plaintiff was denied bathroom access for six hours and was forced to urinate in drinking cup and bowl and defecate into a paper bag); *Whitted v. Lazerson*, No. 96 Civ. 2746(AGS),1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (same where occasionally prevented from using the restroom and urinated or defecated on his clothing).

Consistent with the foregoing cases, I conclude that plaintiff has failed to plausibly allege a violation of his Eighth Amendment rights. Thus, his sole claim must be dismissed.

### III.

For the foregoing reasons, I will summarily dismiss Baker's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate order will be entered.

**ENTER**: This 22nd day of June, 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE